Vince P. **REDFERN**, Plaintiff,

v.

Abraham A. **RIBICOFF**, Secretary of Health, Education and Welfare, Defendant.

No. 13002.

United States District Court
W. D. Missouri, W. D.

April 19, 1961.

Howard D. Lay, Morris & Lay, Kansas City, Mo., for plaintiff.

Edward L. Scheufler, U. S. Atty., Kenneth H. Taylor, Asst. U. S. Atty., Kansas City, Mo., for defendant.

RIDGE, Chief Judge.

By proper procedure the plaintiff has sought an administrative determination that he was entitled to a period of disability and disability insurance benefits under the Social Security Act, 42 U.S. C.A. §§ 416(i) (1) and 423(c) (2). All administrative steps have been taken and claimant now requests judicial review of defendant's denial of such benefits, premised on a hearing examiner's decision that claimant was not disabled within the meaning of the Social Security Act, supra.

The basis of claimant's claim is that as of January, 1959, at the age of 61 or 62, he became unable to engage in any substantial work because of prostate and bladder trouble. The record shows that claimant has suffered from urinary urgency and incontinency, intermittently, for the past 15 years, and is required to wear a urinary appliance which consists of a bag strapped to his left leg, and tube, since 1956, which according to claimant, needs to be emptied approximately every 2 hours and is often the cause of embarrassment due to overflow and from coming unattached. Claimant also com-

plains of stiffness of the back, due to prolonged standing.

Claimant is not now employed. Formerly, he was in the employ of the Kroger Company for about 26 years, as a receiving clerk. In that position he did no heavy labor but merely checked merchandise and kept records. (He testified that his job kept him on his feet from 4 to 5 hours a day, and "sometimes he carted the boxes around himself.") Claimant's background reveals that he has completed 1 year of college in a "general course", received an honorable discharge from the Army, in 1918, and served as a clerk in the Medical Corps, "filling orders for the dispensary and working in the wards."

Claimant had his first surgery in 1955, at Mayo Clinic, Rochester, Minnesota, after which he had no urinary control. Upon returning to Mayo's in 1956 (due to post-operative strictures) he was fitted with a urinal bag which he wears at all times. Approximately 6 months after his 1956 operation at the Mayo Clinic, he returned to work for Kroger in his usual capacity. He stayed at the job until January 9, 1959, when he was granted an accelerated retirement, under an insurance program carried by his employer, on a basis of disability. When asked by the Examiner, why he was unable to go on with his work, he testified:

"I just got to the point to where my nerves was (sic) flaring up on me and I couldn't hardly make it in backwards and forwards to work and even stay on the job for any length of time without having to run backwards and forwards to the rest room to empty the urinal bag."

The medical evidence in the record consists of reports by Dr. J. L. Emmet, of the Mayo Clinic (Exs. 4 & 5) and Dr. I. C. Fowler (Ex. 7). The substance of Dr. Emmet's report is that due to urinary incontinency claimant cannot perform heavy manual labor and should be retired unless some job can be provided him entailing only light work or desk work. Dr. Fowler's report need not be recited in full. His post-examination comment is sufficient:

"This man is not completely physically incapacitated. He has a very troublesome problem in that he has no urinary control and that this lack of control may very well lead to further bladder or lower urinary tract disease. From a physical standpoint other than this there is nothing definite found. There is no question, however, but that he is in poor physical condition, he appears older than his stated age, and in my opinion could not do heavy manual labor. It is possible that he might continue to do clerical work or similar very sedentary tasks for one or two years but if he is not trained for this, or if such task is not available, then he should be retired on the basis of physical disability."

(Note: There is no showing, or any allegation, of pain resulting from claimant's malady.) As for petitioner's current activity (Ex. 2) it appears that he putters around the house, mows the lawn with a power mower, runs the sweeper, dusts, does the dishes, drives the car to the grocery store and keeps a garden. He has not sought any employment since his retirement from Kroger.

The Hearing Examiner held:

"Based on all the evidence of record and the foregoing considerations, the Hearing Examiner is constrained to find that claimant's impairments, which do limit him are neither singly nor in combination of such a degree of severity as to prevent him from engaging on a continuous basis in some kind of substantial gainful activity. In this connection, the Hearing Examiner has noted claimant's testimony concerning recurring infections. It is his testimony as well that they are of short duration and readily remedied by medication.

There is no evidence that during these periods of infection claimant is in any way prevented from performing in employment, much less any evidence that they are either so frequent or severe as to interfere therewith.

"It is the decision of the Hearing Examiner that claimant is not entitled to the establishment of a period of disability or to disability insurance benefits based on his applications herein."

■ The Social Security Act, its purpose and scope in disability cases, such as here, has been discussed at length by this Court in Ellerman v. Flemming, D.C., 188 F.Supp. 521. Therefore, it is unnecessary to repeat the principles there announced, which are pertinent here. We merely refer to the rule that if the Referee's findings are supported by substantial evidence, there can be no substitution by this Court for his judgment. 42 U.S.C.A. § 405(g).

■ The finding of the Referee, considered on the record here made, in its entirety clearly reveals that the Referee's conclusion that claimant can engage in sedentary work, or light manual labor, with some degree of regularity even though his urinary difficulty is undoubtedly annoying and sometimes embarrassing, is sustained by substantial evidence. It may seem to be inattentiveness on our part to hold that that sort of disability is not contemplated by the Act, but such is not the fact. We have read the transcript of the hearing held before the Referee, and the substantial evidence rule compels us to say that the decision denying plaintiff a "freeze period" and benefits under the Social Security Act, must be sustained. Gray v. Powell, 314 U.S. 402, 62 S.Ct. 326, 86 L.Ed. 301. Defendant's motion for summary judgment is sustained. Plaintiff's complaint is dismissed.

It is so ordered.